UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANNA MANVELYAN,

    Plaintiff,

v.

JAMES JANECKA et al.,

    Defendants.

Case No. 5:26-cv-02407-SB-MAR

ORDER GRANTING HABEAS PETITION AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

Petitioner Anna Manvelyan entered the United States in September 2023 through the Customs and Border Protection One process and was released on parole after being taken into custody.  Following her release, she resided in the United States for more than two and a half years with her daughter and elderly mother and complied with Immigration and Customs Enforcement (ICE) check-ins and other immigration requirements.

Petitioner was redetained during a routine ICE check-in on April 27, 2026 without prior notice, a warrant, or a hearing.  In her application for a temporary restraining order (TRO), Petitioner alleges that she suffers from a chronic medical condition involving significantly elevated blood pressure requiring ongoing monitoring and care and that she was transferred from the detention facility to a hospital on May 6, 2026.  Petitioner further alleges that she is the primary caregiver for her elderly mother, that her daughter is a lawful permanent resident, and that the only cited criminal basis for detention—a misdemeanor petty-theft arrest—was resolved through diversion and dismissed before her redetention.  On May 6, 2026, she filed a petition for habeas corpus and an ex parte application for a TRO challenging her detention under the Due Process Clause and seeking her immediate release from immigration custody.

1

In response to the TRO application, the government stated in full:

Petitioner's I-213 states that she was arrested on August 2, 2025, for a violation of California Penal Code 484(A), misdemeanor theft, which may indicate detention under the Laken Riley Act, 8 U.S.C. 1226(c)(1)(E)(ii). *See* Ex. A at 3; *see id.* ("MANVELYAN will remain in ICE ERO custody pending her immigration proceedings due to her arrest for Theft in violation of the Laken Riley Act."). Respondents otherwise are not presenting an opposition argument to the Petition or TRO at this time. Should the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter.

Dkt. No. 9.

Although the government suggests that Petitioner "may" be subject to mandatory detention under 8 U.S.C. § 1226(c), it does not argue that her continued detention is lawful, oppose her request for immediate release, or otherwise request denial of the TRO application. Nor does the government contend that further factual development or additional proceedings are necessary before relief may issue. Because the primary relief sought in the petition and TRO application is immediate release, and because the government expressly states that it "otherwise [is] not presenting an opposition argument to the Petition or TRO at this time" and that "judgment may be entered" should the Court grant relief, the Court construes the government's response as a nonopposition to Petitioner's request for release from custody.

Accordingly, the Court grants the petition and TRO application and orders Respondents to immediately release Petitioner from custody. Because the relief granted fully resolves the petition and no further relief remains at issue, the petition shall be dismissed as moot upon Petitioner's release, and final judgment shall thereafter be entered. By May 19, 2026, the government shall file a report addressing its compliance with this order.

Date: May 18, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

2